IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LENIN RAFAEL RODRIGUEZ-VILLAFANCA,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS TO PSR<br><br><br>Case No. 2:23-CR-238-TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on two objections Defendant Lenin Rafael Rodriguez-Villafranca raises to the Presentence Investigation Report (the "PSR"). First, Mr. Rodriguez-Villafranca asserts he should not be held responsible for the total amount of drugs found in the residence and attributable to his codefendant. He also argues he should receive a two-point reduction for being a minor participant.

　　　　"The government bears the burden of proving the relevant-conduct drug quantities by a preponderance of the evidence."[1] "With respect to cases involving contraband (including controlled substances), the defendant is accountable . . . in the case of a jointly undertaken criminal activity under subsection (a)(1)(B) [of Guideline § 1B1.3], [for] all quantities of contraband that were involved in transactions carried out by other participants, if those transactions were within the scope of, and in furtherance of, the jointly undertaken criminal activity and were reasonably foreseeable in connection with that criminal activity."[2]

---

[1] *United States v. Wilson*, 17 F.4th 994, 1001 (10th Cir. 2021).

[2] U.S.S.G. § 1B1.3(a)(1)(B), Application Note 3.

1

The Court finds that the quantities of narcotics attributed to Mr. Rodriguez-Villafranca in the PSR are correct. The PSR states that Mr. Rodriguez-Villafranca was observed by law enforcement agents selling methamphetamine to a confidential informant. Officers then followed the vehicle Mr. Rodriguez-Villafranca was driving to his residence and obtained a search warrant for the residence and the vehicle. The search of the residence revealed cocaine, heroin, and fentanyl throughout the house. While Mr. Rodriguez-Villafranca admitted only to selling heroin to a few people when he was questioned by law enforcement, agents found cocaine, heroin, and fentanyl in his bedroom, along with a digital scale. This evidence supports that Mr. Rodriguez-Villafranca played a role in jointly undertaken criminal activity to store and distribute narcotics at and from the residence in question. The Court finds that the additional narcotics found throughout the home were within the scope, in furtherance of, and reasonably foreseeable in connection to Mr. Rodriguez-Villafranca's jointly undertaken criminal activity. Accordingly, the Court will overrule the objection but will consider Mr. Rodriguez-Villafranca's conduct under the relevant § 3553(a) factors.

Mr. Rodriguez-Villafranca next argues he should receive minor participant reduction. Guideline Section 3B1.2 allows for a 2, 3, or 4 level decrease in the offense level if the defendant was a minor or minimal participant. "This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity."[3]

In determining what adjustment should apply, the Court considers a number of factors, including:

---

[3] U.S.S.G. § 3B1.2, Application Note 3(A).

> (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity.[4]

"[D]efendant bears the burden of proving by a preponderance of the evidence that he was a minor participant in the crime."[5]

Mr. Rodriguez-Villafranca asserts that he was less culpable than a leader or organizer of the crime. He further asserts that he did not plan or organize the other co-defendant's criminal activities, or have knowledge of their activities. He further notes that his co-defendant was observed attempting to hide narcotics from officers, which Mr. Rodriguez-Villafranca did not do.

Considering the factors set forth Application Note 3(C) of § 3B1.2 of the Sentencing Guidelines, the Court finds that Mr. Rodriguez-Villafranca has not met his burden to prove by a preponderance of the evidence that he was a minor participant in the crime. Considering the observed drug sale and the quantities of drugs found in his room, the evidence supports that Mr. Rodriguez-Villafranca understood the scope of the scheme, participated in planning the scheme to at least some level, and exercised discretion in performing acts in furtherance of the scheme. Further, Defendant has not produced evidence suggesting that he was substantially less culpable than the other participants in the criminal activity. Accordingly, the Court will overrule the objection. However, the Court will consider the extent of his involvement under the relevant § 3553(a) factors

---

[4] *Id.* Application Note 3(C).

[5] *United States v. Adams*, 751 F.3d 1175, 1179 (10th Cir. 2014).

For the reasons discussed herein, the Court will overrule each of the above-discussed objections filed by Defendant.

SO ORDERED

DATED this 19th day of August, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge